UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ACE AMERICAN INSURANCE COMPANY

CIVIL ACTION

VERSUS

NUMBER 14-782-JWD-SCR

BRASFIELD & GORRIE, LLC

### RULING ON MOTIONS TO MODIFY SCHEDULING ORDER AND TO FILE AMENDED ANSWER AND COUNTERCLAIM

Before the court are the Revised and Amended Partially Opposed Motion to Modify Scheduling Order and Opposed Motion to Amend Answer and Counterclaim, record document number 23, which modified the Unopposed Motion to Modify Scheduling Order and Opposed Motion to Amend Answer and Counterclaim, record document number 22. The motions are opposed.[1]

All of the parties arguments have been considered. Defendant's proposed amended counterclaim, based on the plaintiff's 2015 denial of a claim for a loss from an alleged theft that was discovered on February 10, 2014, is not a compulsory counterclaim because does not "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Rule 13(a), Fed.R.Civ.P. It is a permissive counterclaim under Rule 13(e) because it "matured or was acquired by [the defendant] after serving [the original counterclaim]." According to the proposed

---

[1] Record document number 28. Defendant filed a reply memorandum. Record document number 31. Plaintiff filed a sur-reply memorandum. Record document number 34.

Amended Answer and Counterclaim, after the alleged theft was discovered on February 10, 2014, the defendant promptly gave notice to plaintiff ACE American Insurance Company ("ACE") and submitted a claim under the ACE policy, but ACE denied the claim. Defendant asserted that this claim was denied on March 12, 2015.[2] Plaintiff did not dispute this assertion. Consequently, the proposed amended counterclaim "matured or was acquired" after the defendant filed its original Answer and Counterclaim on January 16, 2015.

The deadline to file amended pleadings to add new claims and counterclaims was April 20, 2015, and was set in the Scheduling Order issued March 14, 2015.[3] Because these motions are functionally motions to extend the time to file an amended counterclaim, Rule 16, Fed.R.Civ.P., requires a showing of good cause. The proposed theft counter claim "matured or was acquired" more than a month before the deadline for filing amended claims or counterclaims. Defendant did not timely move to add this counterclaim and has not shown good cause to extend the April 20 deadline. It is not necessary to address the plaintiff's other arguments for denying the motion, namely that the addition of the unrelated theft claim would complicate discovery, cause undue delay, and potentially confuse the jury.

---

[2] Record document number 22, p. 2.

[3] Record document number 21, Scheduling Order, p. 1, item C. This is the deadline suggested by the parties in their Status Report. Record document number 18, p. 5, section H.1.

As to the proposed new Count III and Count IV counterclaims, noting in the motions supports finding good cause to extend the deadline to allow them either. The factual basis for these proposed counterclaims, which arise from the claim alleged in the plaintiff's December 17, 2014 Complaint, was known to the defendants well before the April 20, 2015 deadline. Defendant simply failed to timely plead them and has not shown good cause to extend the deadline to allow it to plead them now.

Defendant also sought a 120-day extension of all scheduling order deadlines, even those that had expired before the first motion was filed. In an attempt to show good cause, the defendant asserted that the parties refrained from conducting discovery for several months in order to engage in a mediation. Plaintiff disputes this assertion, noting that the defendant cited no statement or act by ACE which would justify a reasonable belief that the parties did not need to comply with the Scheduling Order deadlines. Furthermore, Rule 29(b), Fed.R.Civ.P., prohibits the parties from making any agreement extending the time for any form of discovery if it would interfere with the time set for completing discovery unless the agreement is approved by the court. A review of the record did not show that any party moved for suspension or extension of the Scheduling Order deadlines so they could participate in a mediation. So even if the plaintiff had agreed to suspend discovery pending a mediation, the parties made that

agreement at their own peril.

Finally, the Scheduling Order specifically reminded the parties of the requirement to show good cause:

> Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. **All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P.**[4]

This motion does not contain information sufficient to find good cause to extend the Scheduling Order deadlines as sought by the defendant. The motion has no information about what discovery has already been done, if any, nor what specific discovery the defendant contends is still necessary - not just desirable. Consequently, the court has no way of assessing whether another 120 days is a reasonable extension. Nor does the motion explain why the necessary discovery cannot be completed by the November 20, 2015 deadline if the parties exercised reasonable diligence. And the motion does not explain why the defendant needs more time to identify its expert witnesses. In the Status Report the defendant anticipated it will offer expert testimony regarding coverage, cause of the loss and damages.[5] Nothing in either motion suggests that this has changed since the Scheduling Order was issued.

Accordingly, the Revised and Amended Partially Opposed Motion to Modify Scheduling Order and Opposed Motion to Amend Answer and

---

[4] Record document number 21, p. 2 (emphasis added).

[5] Record document number 18, p. 5, Section G.4.

Counterclaim, record document number 23, and the Unopposed Motion to Modify Scheduling Order and Opposed Motion to Amend Answer and Counter Claim, record document number 22, are both denied.

Baton Rouge, Louisiana, September 15, 2015.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE